**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Northwest Airlines, Inc., Civil No. 00-1933 (DWF/FLN)

Plaintiff and Counter-Defendant,

v. **ORDER**

Aeroservice, Inc.,

Defendant and Counter-Plaintiff.

---

Jeffrey A. Eyres, Esq., Leonard, Street and Deinard, 150 Fifth Street South, Suite 2300, Minneapolis, MN 55402, for Plaintiff.

Timothy R. Schupp, Esq., Gartner, Bennett & Schupp, 2200 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402-1824 and Maurice Baumgarten, Esq., Baumgarten & Torricella, 100 Second Street Southeast, Suite 4300, Miami, FL 33131, for Defendant.

---

On June 14, 2001, this Court entered an order granting partial summary judgment to the Plaintiff in the above-entitled matter. On July 16, 2001, Defendant submitted a letter to the Court seeking, pursuant to the Local Rules, permission to file a motion for reconsideration. Defendant's letter provides a detailed explanation of the basis of Defendant's request. The Court has reviewed that request, the order at issue, and the record of the case, and the Court finds that there is no basis for granting leave to file a motion for reconsideration.

First, the Court notes that it did not resolve any factual disputes. Rather, the *undisputed* facts coupled with the facts *as presented by the Defendant* (the non-moving party), when considered in the context of the plain and unambiguous language of the contract, dictated that partial summary judgment on liability was appropriate. Defendant further argues that the Court should have refrained from issuing a decision until Defendant had an opportunity to complete discovery on the availability of traceability records and on the possibility that a purchase order

FILED JUL 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

signed subsequent to the contract modified the meaning of "conforming goods" as currently described in the contract. To the extent that the Court's earlier order was not clear on this point, the Court simply notes that neither of these issues could possibly affect the ultimate decision of the Court. Whether traceability records were required by the contract or were available, the uncontroverted evidence is that Aeroservice failed to reject or revoke acceptance of the goods within a reasonable time, where the "reasonable" time was specifically defined by the parties in the contract. The factual issues Aeroservice wishes to pursue are irrelevant to the determination of this case.

Finally, the Court recognizes that Aeroservice has not had an opportunity to discover fully the steps Northwest took to mitigate damages. However, the Court did not grant summary judgment on the damages issue; that matter remains outstanding.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant's request for leave to file a motion for reconsideration is **DENIED**.

Dated: July 18, 2001

DONOVAN W. FRANK
Judge of United States District Court