**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Northwest Airlines, Inc., Civil No. 00-1933 (DWF/FLN)

Plaintiff and Counter-Defendant,

v.

**MEMORANDUM**
**OPINION AND ORDER**

Aeroservice, Inc.,

Defendant and Counter-Plaintiff.

---

Jeffrey A. Eyres, Esq., Leonard, Street and Deinard, 150 Fifth Street South, Suite 2300, Minneapolis, MN 55402, appeared on behalf of Plaintiff.

Timothy R. Schupp, Esq., Gartner, Bennett & Schupp, 2200 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402-1824, appeared on behalf of Defendant.

---

The above-entitled matter came on for hearing before the undersigned United States District Judge on October 12, 2001, pursuant to Plaintiff's motion for partial summary judgment. The dispute involves a contract for sale of certain airplane parts by Northwest Airlines, Inc. ("Northwest") to Aeroservice, Inc. ("Aeroservice"). For the reasons set forth below, Plaintiff's motion is granted.

On June 14, 2001, this Court granted summary judgment in favor of Plaintiff on all liability issues. Specifically, the Court found that Defendant had, as a matter of law, accepted all goods delivered to it and was thus obligated to pay for those goods under the terms of the contract. The only outstanding issue is that of damages, because the parties disagree about exactly which goods were and were not delivered to Defendant.

With respect to damages, Defendant also has alleged that Plaintiff failed to mitigate its damages. The parties agree, however, that under the Uniform Commercial Code a seller has no

FILED OCT 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

obligation to attempt to resell or otherwise mitigate damages for goods which have been accepted by the buyer. Plaintiff now requests the Court to enter summary judgment to the effect that Plaintiff had no obligation to mitigate its damages as to those goods delivered to Defendant. Defendant's only contention in opposition is that there remains some question of fact regarding whether Defendant did actually accept the goods delivered to it. Defendant's argument is unavailing because the Court has already, in the June 14, 2001, Order, determined as a matter of law that the Defendant did accept the goods delivered to it. Applying the law–as the parties agree the law to be–to the facts in this case, the Court finds (again) that, as a matter of law, the Defendant accepted the goods delivered to it and that, as a result, Plaintiff had no duty to mitigate its damages through an attempt to resell those goods.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 72) is **GRANTED**.

Dated: October 15, 2001

DONOVAN W. FRANK
Judge of United States District Court