**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Northwest Airlines, Inc., Civil No. 00-1933 (DWF/AJB)

Plaintiff and Counter-Defendant,

v.

**MEMORANDUM OPINION AND ORDER**

Aeroservice, Inc.,

Defendant and Counter-Plaintiff.

---

Jeffrey A. Eyres, Esq., and David R. Crosby, Esq., Leonard, Street and Deinard, 150 Fifth Street South, Suite 2300, Minneapolis, MN 55402, counsel for Plaintiff and Counter-Defendant.

Timothy R. Schupp, Esq., Gartner, Bennett & Schupp, 2200 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402-1824; and Maurice Baumgarten, Esq., Anania Bandklayder Blackwell Baumgarten & Torricella, 100 Second Street Southeast, Suite 4300, Miami, FL 33131, counsel for Defendant and Counter-Plaintiff.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on December 7, 2001, pursuant to Plaintiff's motion for entry of judgment. The dispute involves a contract for sale of certain airplane parts by Northwest Airlines, Inc. ("Northwest") to Aeroservice, Inc. ("Aeroservice"). For the reasons set forth below, Plaintiff's motion is granted.

## Background

On June 14, 2001, this Court granted summary judgment in favor of Plaintiff on Plaintiff's claim of breach of contract and Defendant's counter-claim for breach of contract. At the time the Court granted summary judgment to Plaintiff, the parties disagreed about the exact number of components Plaintiff delivered to Defendant. The dispute about damages has now

FILED DEC 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 14 2001
DEPUTY CLERK

been resolved, and Plaintiff requests that the Court enter judgment on Plaintiff's claims in the amount of $2,100,808, which represents the agreed-upon value of the goods delivered to Defendant less the money initially paid to the Plaintiff.

Defendant has asserted a counterclaim against Plaintiff for an open account on a 1999 sale of goods by Defendant to Plaintiff and demanded $46,000 for that counterclaim. Plaintiff has moved, in the alternative, for entry of judgment in the amount of $2,054,808, which represents the agree-upon value of the goods delivered to Defendant less the money initially paid to the Plaintiff and an offset for the $46,000 counterclaim.

Defendant objects to entry of judgment in this matter. Defendant asserts: (1) an offset would be inappropriate because it will deprive Defendant of the opportunity to recoup costs associated with their counterclaim to which Defendant would be entitled if Defendant prevailed on the counterclaim; (2) entry of judgment would be inappropriate because a portion of the contract obligation has not yet matured; and (3) entry of judgment would be inappropriate because the contract allows for attorney fees and costs and the amount for those expenses has not yet been calculated.

**Discussion**

Pursuant to Rule 54(b), the Court may enter judgment on some, but not all, of the claims in a case if the Court reaches a final determination on certain claims and finds that there is no just reason for delay. That is the case here.

The Court has ruled on the issue of liability with respect to Plaintiff's breach of contract claim and Defendant's breach of contract counterclaim, both of which relate to a specific sale of

goods. At this juncture, the parties further agree on the appropriate amount of damages.[1] The only outstanding claim relates to a wholly separate transaction; entry of judgment on those claims which have been resolved will in no way affect Defendant's ability to pursue its remaining counterclaim.

Defendant has raised three arguments in opposition to entry of judgment, each of which is ultimately unavailing.

First, Defendant asserts that the proposed offset of $46,000 will undermine Defendant's ability to obtain an award of fees and costs to which it would be entitled if it prevailed on its counterclaim. The Court agrees that the offset proposal unduly muddies the waters. Defendant's remaining counterclaim is separate from the claims which have been resolved, and the Court sees no reason to enmesh them through a damage offset. However, the solution is not to delay entry of judgment on the claims which have been resolved, but rather to keep the counterclaim–and the $46,000 demand asserted there–separate from the judgment on the claims which have been resolved. Accordingly, the Court finds that judgment under Rule 54(b) is appropriate without any offset, and the Defendant's right to pursue its counterclaim is preserved intact.

Second, Defendant asserts that the Court should delay entry of judgment until the amount of fees and costs to which Plaintiff will be entitled under the contract has been calculated. Resolution of the fees and costs issue is not a basis to delay entry of a judgment. Once the right to attorney fees under a contract has been determined, a determination of the appropriate amount is a collateral matter which is properly resolved through a post-judgment motion. *See McGuire*

---

[1] This is not to suggest that the Defendant agrees with the Court's liability determination; quite the contrary, the Defendant continues to maintain that the Court's ruling on liability was in error. However, the Defendant and the Plaintiff now agree on the identity of the parts delivered to Defendant and the contract price of those parts.

*v. Russell Miller, Inc.*, 1 F.3d 1306, 1313-14 (2d Cir. 1993). The contract in dispute here provides that, "[i]n the event any amounts due Northwest under [the contract] are not paid on time and Northwest retains legal or third-party assistance in the collection of the outstanding amounts, the expense incurred by Northwest associated with the collection will be paid by Aeroservice." In light of the Court's summary judgment on the issue of contract liability, Plaintiff's right to recover fees and costs is established; there are no outstanding fact issues to resolve except the amount of fees and costs, and those are appropriate for a post-judgment motion.

Finally, Defendant argues that a portion of its contract obligation has not yet matured. Specifically, part of Defendant's obligation under the contract was to provide Plaintiff with a $1,262,825 credit to be used against future purchases Plaintiff might make from Defendant. If Plaintiff opts not to use the credit, or a portion thereof, by December 31, 2002, Defendant will then become liable to cash out the credit by January 31, 2002. Defendant asserts that a portion of the money Plaintiff is demanding will not become due, then, until January 31, 2002. However, Defendant concedes that it has never extended a credit to Plaintiff for the $1,262,825. Accordingly, this provision is insufficient to justify delay in entering judgment on the claims which have been resolved.

The effect of this order will be to render a portion of this case ripe for appeal as of the effective date of the judgment. If the parties agree and wish to stipulate to some modification of this order (for example, staying the entry of judgment until the attorney fees issue is resolved, stipulating to judgment in favor of Aeroservice on the $46,000 counterclaim, or offsetting the judgment by $46,000 while agreeing to preserve Aeroservice's right to recover fees and costs on the counterclaim), the Court will happily oblige. To allow the parties some opportunity to

discuss their options before the judgment is finally entered, the Court will stay entry of judgment for one week from the date of this order. If the parties reach a stipulation before entry of judgment, they should notify the Court in writing as soon as possible.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Entry of Judgment (Doc. No. 81) is **GRANTED**.

2. That the Clerk shall enter judgment as follows:

**IT IS ORDERED ADJUDGED AND DECREED** that Plaintiff Northwest Airlines, Inc. have and recover the sum of two million, one hundred thousand, eight hundred and eight dollars ($2,100,808.00) together with its attorney fees, costs, and disbursements.

3. Entry of judgment is **STAYED** until December 21, 2001.

4. It is further ordered that Plaintiff Northwest Airlines shall submit its application for attorney fees, prejudgment interest, and costs pursuant to Local Rule 54.3 and that both parties abide by the schedule established at the hearing for submission of papers regarding that application.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 14, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995