**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Northwest Airlines, Inc., Civil No. 00-1933 (DWF/AJB)

Plaintiff and Counter-Defendant,

v.

**MEMORANDUM OPINION AND ORDER**

Aeroservice, Inc.,

Defendant and Counter-Plaintiff.

---

Jeffrey A. Eyres, Esq., and David R. Crosby, Esq., Leonard, Street and Deinard, 150 Fifth Street South, Suite 2300, Minneapolis, MN 55402, counsel for Plaintiff.

Timothy R. Schupp, Esq., Flynn Gaskins & Bennett, 2900 Metropolitan Center, 333 South Seventh Street, Minneapolis, MN 55402, and Maurice Baumgarten, Esq., Anania Bandklayder Blackwell Baumgarten & Torricella, 100 Second Street Southeast, Suite 4300, Miami, FL 33131 counsel for Defendant.

---

The above-entitled matter came on for hearing before the undersigned United States District Judge on January 18, 2002, pursuant to Plaintiff's Application for Attorneys' Fees, Costs and Prejudgment Interest; Defendant's Motion to Amend the Court's Entry of Judgment Dated December 14, 2001; Defendant's Motion to Stay Enforcement of the Judgment Until Entry of Judgment on the Counterclaim; Defendant's Motion for Entry of Judgment on the Counterclaim; and Defendant's Motion for Leave to Amend Responses to Plaintiff's Request for Admissions.

Taking the issues in reverse order, with respect to Defendant's Motion for Leave to Amend Responses to Plaintiff's Request for Admissions, the Plaintiff does not object to allowing Defendant to file Amended Responses so long as the original Responses remain a part of the record on appeal. Accordingly, the Court grants Defendant's request with the understanding that

FEB 07 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. FEB 07 2002
DEPUTY CLERK

the Amended Responses will not supplant the original Responses in the record, but, rather, that both sets of Responses to Requests for Admissions shall henceforth be a part of the record.

With respect to Defendant's Motion for Entry of Judgment on the Counterclaim, that motion is denied. Defendant argues that Plaintiff has conceded liability on the Counterclaim. The record does not support that position. Rather, Plaintiff agreed to offset the judgment on Plaintiff's claim–on which the Court granted summary judgment in favor of Plaintiff–if such an offset was deemed necessary for the Court to enter judgment on the Plaintiff's claims. The Court found, however, that the Plaintiff's Complaint and the Counterclaim arose out of entirely separate facts; as a result, the Court entered judgment on the Plaintiff's Complaint without any offset. The Plaintiff never conceded liability on the Defendant's Counterclaim, and neither party has properly asserted a motion for summary judgment on the Counterclaim. Accordingly, the Defendant's Motion for Entry of Judgment on the Counterclaim is denied.

Similarly, the Court denies Defendant's Motion to Stay Enforcement of the Judgment Until Entry of Judgment on the Counterclaim. The Court addressed the relationship between the Plaintiff's Complaint and the Counterclaim when it determined that entry of judgment on the Complaint was appropriate. Nothing has changed since then. There is no basis for holding up entry of judgment or enforcement of judgment on the Plaintiff's claims while the parties dispute the Counterclaim, a claim based on a wholly distinct factual predicate.

The Defendant's Motion to Amend the Court's Entry of Judgment Dated December 14, 2001, is denied as moot. The Defendant asserts that the Court erred in entering judgment with respect to certain amounts which would not come due until January 31, 2002. Even assuming that the Defendant is correct about the propriety of the Court's decision to enter judgment on the

full amount of the claim on December 14, 2001, entry of judgment on the full amount would certainly be appropriate now that January 31, 2002, has come and gone.

Finally, the Court turns its attention to the real meat of the matters before the Court: Plaintiff's Application for Attorneys' Fees and Costs. Defendant argues that the contract between the parties does not entitle to any attorneys' fees; that, in any event, the fees and costs proposed by Plaintiff are excessive; and that the Plaintiff has miscalculated prejudgment interest.

The Court finds that the contract between the parties specifically entitles Plaintiff to recover attorneys' fees. Section 2(D) of the agreement between the parties provides that "[i]n the event any amounts due Northwest under this Agreement are not paid on time and Northwest retains legal or third-party assistance in the collection of the outstanding amounts, the expense incurred by Northwest associated with the collection will be paid by Aeroservice." Defendant cites several cases–though none from the State of Minnesota, the District of Minnesota, or the Eighth Circuit–for the proposition that contracts which provide for "expenses" do not entitle a party to attorneys' fees unless attorneys' fees are specifically referenced. Those cases are inapposite, however, because here the provision at issue clearly and unequivocally provides that Northwest can recover expenses associated with retaining legal assistance to collect unpaid amounts. It is a veritable truism that such expenses must include attorneys' fees.

With respect to the amount of fees and costs demanded by Plaintiff, the Court finds that the overwhelming majority of those fees and costs are reasonable. The Court takes issue with only one item: the depositions of Michael Hornstein and Marlene Michaels. With respect to the depositions, it is clear that these depositions related to the outstanding Counterclaim which, as the Court has consistently held, is unrelated to the claim on which Plaintiff has prevailed. The

Court will, accordingly, disallow the $3,065.34 in fees and expenses associated with these depositions.

Otherwise, the hours and rates billed appear appropriate given the nature and complexity of the case at issue. Although at first blush this would appear to be a straightforward contract case, the procedural history of this matter is quite convoluted. Accordingly, the number of hours billed appears appropriate. Moreover, although the support staff rates are at the high end of what one might expect, they are not beyond the pale, and the attorney rates are eminently reasonable.

Thus the Court concludes that Plaintiff is entitled to fees and costs in the amount of $382,952.77–the amount requested by Plaintiff less $3,065.34.

With respect to prejudgment interest, the Court agrees with the Defendant. The Plaintiff is entitled to prejudgment interest on the cash portion of the purchase price ($1,262,825.00) from August 28, 2000. Given that the credit portion of the purchase price did not translate into a cash amount due until January 31, 2002, the Court concludes that Plaintiff is not entitled to prejudgment interest on the cash equivalent of those credits ($837,983.00). Accordingly, the Court finds that Plaintiff is entitled only to prejudgment interest in the amount of $99,642.00.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Stay Enforcement of the Judgment Until Entry of Judgment on the Counterclaim (Doc. No. 105) is **DENIED**.

2. Defendant's Motion to Amend the Court's Entry of Judgment Dated December 14, 2001 (Doc. No 107) is **DENIED**.

3. Defendant's Motion for Entry of Judgment on the Counterclaim is **DENIED**.

4. Defendant's Motion for Leave to Amend Responses to Plaintiff's Request for Admissions is **GRANTED** pursuant to the agreement of the parties and consistent with the Court's reasoning above.

5. Plaintiff's Application for Attorneys' Fees, Costs and Prejudgment Interest is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff shall recover from Defendant the sum of $382,952.77 for attorneys' fees and costs; and

b. Plaintiff shall recover from Defendant the sum of $99,642.00 for prejudgment interest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 7, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.